IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Scott N. Johnson, | ) | |
| | ) | 2:09-cv-01786-GEB-JFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: SETTLEMENT AND |
| | ) | DISPOSITION |
| MLP-TWO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

       Plaintiff filed a "Notice of Settlement" on June 9, 2011, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 12.)

       Therefore, a dispositional document shall be filed no later than July 10, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

       Further, the final pretrial conference scheduled for hearing on July 25, 2011, will remain on calendar in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A

---

[1] The final pretrial conference will remain on calendar, because
(continued...)

joint pretrial statement shall be filed seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated:  June 14, 2011

                                                  GARLAND E. BURRELL, JR.
                                                  United States District Judge

---

[1](...continued)
the mere representation that a case has been settled does not justify vacating a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2